# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| RANDY YOUNG, | : | |
| | : | |
| Claimant, | : | |
| | : | |
| v. | : | CASE NO. 3:09-CV-132 CDL-MSH |
| | : | Social Security Appeal |
| MICHAEL ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

Presently pending before the Court is Claimant's counsel's Motion for Attorney's Fees Under the Equal Access to Justice Act and the Social Security Act. (ECF No. 18.) Counsel filed his motion for fees on November 3, 2010, requesting $3,733.04 for 21.30 attorney work hours at a rate of $175.26 per hour. (Br. in Supp. of Mot. for Att'y's Fees 3, ECF No. 18-1.) The Commissioner filed a Response wherein he objects to the hourly rate requested and the total amount of fees requested. (Comm'r's Resp. 2, ECF No. 19.) Additionally, the Commissioner objects to the attorney's fees being paid directly to Claimant's counsel, and instead requests that the attorney's fees be paid directly to Claimant. (Comm'r's Resp. 6.) For the reasons discussed hereinbelow, the Court recommends that Claimant be awarded fees in the amount of $3,728.51, and that these fees be paid directly to the Claimant.

# DISCUSSION

## I. Fees Under the Social Security Act 42 U.S.C. § 406(b)

Claimant requests an award of attorneys fees, to be paid directly to his attorney, under 42 U.S.C. § 406(b). 42 U.S.C. § 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

As is clear from the plain language of the statute, this section "permits an award of attorney's fees *when a remand results in an administrative award of benefits.*" *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1276 (11th Cir. 2006) (emphasis added).

On August 6, 2010, the Court granted the Commissioner's Motion to Remand Under Sentence Four of 42 U.S.C. § 405(g). (ECF No. 16.) However, the Court did not award the Claimant benefits or suggest an award of benefits on remand. Because no benefits have been awarded in this case, it would be premature to award attorneys fees pursuant to 42 U.S.C. § 406(b). Consequently, it is recommended that Claimant's request for an award of attorneys fees under this section be denied.

## II. Attorneys Fees Pursuant to the EAJA

Claimant also requests attorneys fees pursuant to the Equal Access to Justice Act

("EAJA"), 28 U.S.C. § 2412(d). The EAJA is not limited to Social Security actions, but allows civil litigants to recover attorneys fees which are incurred in a case against the United States when the government's position is not substantially justified. *See Sullivan v. Hudson*, 490 U.S. 877, 883-84 (1989) (discussing purpose of EAJA). Specifically, the EAJA states in subsection (d)(1)(A):

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, from the plain language of the statute, a party is entitled to an award of attorneys' fees and expenses in a civil action against the United States if: (1) the party is a prevailing party; (2) the party has incurred those fees and/or expenses; and (3) the position of the United States was not substantially justified. *Id.*; *see also, e.g., Astrue v. Ratliff*, 130 S. Ct. 2521, 2525 (2010) ("Subsection (d)(1)(A) directs that courts shall award to a prevailing party . . . fees and other expenses . . . incurred by that party.") (internal quotation marks, citation, and emphasis omitted).

Here, the Commissioner concedes that Claimant is the "prevailing party," that the Claimant has incurred fees, and that the Commissioner's position was not substantially justified. (Comm'r's Resp. 2) Consequently, the Court recommends the award of fees pursuant to the EAJA. The parties, however, disagree as to the hourly rate at which

3

Claimant's counsel should be compensated.

The Commissioner objects to the Claimant's requested hourly rate of $175.26. Specifically, the Commissioner contends that rates should be applied at the time the work was done—i.e., hours billed in 2009 should have a historic hourly rate applied to them and hours billed in 2010 should have a current hourly rate applied to them. (Comm'r's Resp. 6-9.) Citing to *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292 (11th Cir. 1988), Claimant responds that hourly rates should be calculated at the time the motion for attorney fees is filed. (Cl.'s Reply Br. 2-11, ECF No. 20.) In *Norman*, the Eleventh Circuit explained that, generally, compensation should be awarded at current rates rather than historic rates to account for the time value of money. 836 F.2d at 1302. Contrarily, the Commissioner argues that *Norman* was wrongly decided in light of the Supreme Court's decision in *Library of Congress v. Shaw*, 478 U.S. 310 (1986). He asserts that the Eleventh Circuit failed to address *Shaw* and relied on case law which predated *Shaw* in the *Norman* decision. (Comm'r's Resp. 5.)

Neither party sufficiently discusses two relevant decisions to the determination of the hourly rate—*Gray ex rel. Alexander v. Bostic,* 613 F.3d 1035 (11th Cir. 2010) and *Perdue v. Kenny A. ex rel. Wynn*, 130 S. Ct. 1662 (2010). In *Gray*, the Eleventh Circuit recognized the modification of its holding in *Norman* by *Perdue*. 613 F.3d at 1044-46. Employing the lodestar analysis generally applied to attorney fee applications under 42 U.S.C. § 1988, and specifically addressing the issue of enhancements to lodestar calculations, the Supreme Court held that counsel expecting compensation pursuant to § 1988 presumably understand that

payment will come at the end of the case and compensation for delay is generally made by basing the award on current rates or adjusting historical rates to reflect current value. *Perdue*, 130 S. Ct. at 1675; *see also Astrue v. Ratliff*, – U.S. –, 130 S.Ct. 2521, 2529 (2010) (analogizing 42 U.S.C. § 1988 (and cases analyzing § 1998) to EAJA because § 1998 "contains language virtually identical to the EAJA provision we address here"). Compensation for delay is therefore recognized as an enhancement to be used only in exceptional circumstances such as cases where counsel is required to make a substantial outlay for expenses of litigation, the litigation is protracted, or delay is unnecessarily caused by conduct of the defendant. *See Gray*, 613 F.3d at 1045 ("An enhancement for delay . . . may be justified but only where there are extraordinary circumstances."). Unless the delay is exceptional for one of the reasons specified above, current rate application is not permitted under § 1988. There is no reason to expect a different result under the EAJA. *See Ratliff*, 130 S.Ct.at 2529. Therefore, the historic hourly rate of $172.24 should be applied to work performed in 2009, and the currently hourly rate of $175.26 should be applied to work performed in 2010. Applying the rate of $172.24 to 1.5 allowable hours for 2009, and $175.26 to 19.8 allowable hours in 2010, results in a total fee award of $3,728.51.

### III. Assignment of EAJA Fees

Also at issue in this case is whether any fees awarded under the EAJA should be paid directly to the Claimant or to the Claimant's attorney. The provision at issue is in Claimant's contract with his attorney is the statement in the signed Federal Court Attorney Retainer and Fee Agreement that if the Court rules in favor of Mr. Young, that "Mr. Young assigns all

5

EAJA fees to Mr. Phillips." (Mot. for Att'y's Fees 3.) The Commissioner claims that this assignment runs afoul of the Anti-Assignment Act, 31 U.S.C. § 3727, and is invalid. (Comm'r's Resp. 6.) Additionally, the Commissioner contends that *Astrue v. Ratliff*, – U.S. – , 130 S. Ct. 2521 (2010), requires the payment of EAJA fees to the Claimant and not the Claimant's attorney. (*Id.*) Claimant responds that *Ratliff* should not be so narrowly applied, and that the Anti-Assignment Act does not apply to this case. (Cl.'s Reply Br. 5.)

Initially, the Court agrees that *Ratliff* does not explicitly prohibit the assignment of fees awarded under the EAJA. *Ratliff* merely makes clear that the EAJA, subsection (d)(1)(A), directs courts to award attorneys fees to the prevailing party and not to the party's attorney. 28 U.S.C. § 2412(d)(1)(A); *Ratliff*, 130 S. Ct. at 2525-26. This was already the law in the Eleventh Circuit under *Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008). In *Reeves*, the court explained that the EAJA "unambiguously directs the award of attorney's fees to the party who incurred those fees and not to the party's attorney." *Id.* at 735. Consequently, pursuant to *Ratliff* and *Reeves*, an award of attorneys fees under EAJA must go to the prevailing party. These cases do not speak to whether a prevailing party may assign those fees to his or her attorney.

Regarding the validity of Claimant's purported assignment of EAJA fees, the Court finds that (1) "the Anti-Assignment Act applies to EAJA awards[,]" and (2) an assignment cannot be made pre-fee award because such an assignment violates the provisions of the Anti-Assignment Act. *Turner*, 2010 WL 3636145, at * 14; *see also Kearney v. United States*, 285 F.2d 797 (Ct. Cl. 1961) ("[A] contract between an attorney and a client which

6

gives the attorney an interest in the client's claim against the Government is exactly what the anti-assignment statute forbids."); *Vinning v. Astrue* , 668 F. Supp. 2d 916, 929 (N.D. Tex. 2009) (finding such an assignment to be invalid because "claimant [has] nothing to assign" and it is in "direct violation of the Anti-Assignment Act"); *Murkeldove v. Astrue*, 635 F. Supp. 2d 564, 574-75 (N.D. Tex. 2009); *Bentley v. Glickman*, 234 B.R. 12, 20 (N.D.N.Y. 1999) (applying Anti-Assignment Act to EAJA claim for fees). Under the Anti-Assignment Act, an assignment may be allowed only (1) "after a claim is allowed," (2) if "the amount of the claim is decided," and (3) if "a warrant for payment of the claim has been issued." 31 U.S.C. § 3727(b). Additionally, the Anti-Assignment act requires that an assignment "specify the warrant," "be made freely," and "be attested to by 2 witnesses[,]" and that "the person making the assignment . . . acknowledge it before an official who may acknowledge a deed" and who certifies the assignment. *Id.*

An assignment made prior to the award of attorneys fees necessarily violates these requirements because the claim has not been allowed, the amount of the claim is not decided, and a warrant for payment of the claim has not been issued. This is true in this case where the Claimant sought to assign to his attorneys the "right to seek attorneys fees under the Equal Access to Justice Act[.]" (Mot. for Att'y's Fees 3.) The claim for attorneys fees had not been allowed in this case, the amount of attorneys fees had not been decided, and a warrant for payment of fees had not been issued. Therefore the assignment is invalid. Further, the purported assignment fails to adhere to the facial requirements of the Anti-Assignment Act in that it is not attested to by two witnesses and has not been certified by an

official. 31 U.S.C. § 3727. This assignment would consequently run afoul of the Anti-Assignment Act even if it were made post-fee award because it is facially invalid. The Court therefore recommends that the assignment provision in Claimant's attorney contract be deemed invalid as contrary to the Anti-Assignment Act.

## CONCLUSION

**WHEREFORE**, it is the recommendation to the United States District Judge that Claimant's motion for attorney's fees pursuant to 28 U.S.C. § 2412(d) be GRANTED and that payment be forwarded to Claimant in the amount of $3,728.51. It is further recommended that Claimant's motion for attorneys fees pursuant to 42 U.S.C. § 406(b) be denied and that the assignment provision of his contract with his attorneys be deemed invalid as discussed above. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to the Recommendation with the United States District Judge within fourteen (14) days after being served a copy.

SO RECOMMENDED, this the 24th day of February, 2011.

                                                             S/Stephen Hyles
                                                            UNITED STATES MAGISTRATE JUDGE